**Alex Boon**, OSB #195761
alex@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
310 SW Fourth Ave., Suite 320
Portland, OR  97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JANE DOE** and **JOHN ROE**, *individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>**TEACHERS COUNCIL, INC.,** *a foreign business corporation*,<br><br>Defendant. | Case No.: 3:23-cv-1747<br><br>COMPLAINT<br><br>Americans with Disabilities Act, (42 U.S.C. §§ 12101, *et seq*)<br>Oregon Disability Law, (O.R.S. §§ 659A.103 *et seq*)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.  Jane Doe and John Roe ("Plaintiffs") bring this action against Teachers Council, Inc. a foreign business corporation ("Defendant") for employment discrimination under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*, (ADA), and related state disability law, O.R.S. § 659A.103 *et seq*. Defendant refused to provide Doe with employment opportunities based on its belief that her mental health prevented her from her doing her job, despite Plaintiffs' attempts to provide Defendant with documentation demonstrating that Doe was capable of doing the job. Defendant refused to provide Roe with employment

COMPLAINT – 1

opportunities because of the disability of Doe, whom Defendant knew to be Roe's wife. Defendant discriminated against Plaintiffs in violation of the ADA as amended, and related state disability law. Plaintiffs seek economic and non-economic damages, and attorney fees and costs.

## JURISDICTION

2.This Court has jurisdiction of this action under 28 U.S.C. § 1331, as the action arises under the laws of the United States; 28 U.S.C. § 1337, as the action arises under an Act of Congress regulating commerce; 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(f)(3), as this action arises under the ADA, as amended; 28 U.S.C. § 1343, as this action arises under laws providing for equal protection; 28 U.S.C. §1367 as the sate claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution; and 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and this action is between a citizen of a State and citizens or subjects of a foreign state.

## PARTIES

3.Plaintiffs are natural persons, residing in Beaverton in Washington County, Oregon.

4.Defendant Teachers Council, Inc. is incorporated in Maryland and is a citizen of Mayland, with its principal place of business is in Maryland.

## ADMINISTRATIVE EXHAUSTION

5.On May 30, 2023, Plaintiff Doe submitted a disability discrimination complaint with the Equal Employment Opportunity Commission (EEOC) based on the facts and claims alleged herein.

6.In a letter dated September 19, 2023, EEOC notified Plaintiff Doe of her right to sue under federal law.

COMPLAINT – 2

7. On June 30, 2023, Plaintiff Roe submitted a disability discrimination complaint with the Equal Employment Opportunity Commission (EEOC) based on the facts and claims alleged herein.

8. In a letter dated August 31, 2023, EEOC notified Plaintiff Roe of his right to sue under federal law.

## FACTS

9. Doe and Roe are married and are French citizens.

10. Doe and Roe came to the United States on J visas sponsored by Defendant in or around August 2021, after Doe secured a job as a French teacher in Oregon, in the Portland metropolitan area.

11. Under the J-1 Teacher Exchange Program, foreign teachers that meet eligibility requirements can come to the United States to work full-time as teachers on J-1 visas.

12. Accompanying spouses can come to the United Stated on derivative J-2 visas.

13. J-1 teachers cannot secure employment under the J visa program without a "sponsor."

14. Accompanying spouses cannot secure J-2 visas without the approval of a "sponsor."

15. After receiving a J-2 visa, an accompanying spouse can obtain work authorization.

16. If a sponsor terminates a teacher's participation in the J-1 visa program, both the teacher and any derivative J-2 visa holders are no longer authorized to work under the program.

17. Defendant is a designated sponsor of the U.S. Department of State Exchange Visa Program for Teachers.

18. Defendant places foreign teachers it sponsors with J-1 visas in schools in the United States for a fee.

19. Defendant was Plaintiffs' visa sponsor, and it sponsored Plaintiff Doe's J-1 visa and Plaintiff Roe's derivative J-2 visa.

20. At all relevant times, Defendant knew that Roe and Doe were married.

21. At all relevant times, Plaintiffs relied on Defendant's continuing sponsorship to work under the J-visa program.

22. Defendant terminated Plaintiff Doe's participation in the J visa program, thereby denying Doe employment opportunities and causing Roe to lose his employment.

23. Defendant terminated Plaintiff Doe's participation in the J visa program because it perceived her to be disabled, or, in the alternative, because she had a record of impairment.

24. At all relevant times, Defendant regularly undertook to procure employees or opportunities to work for employers.

25. Defendant operates a "Teacher Placement Program."

26. According to Defendant's website, as part of its Teacher Placement Program Defendant generates a "comprehensive and compelling Placement Profile" for job seekers who are willing to pay an application fee of $500.

27. According to Defendant's website, upon successful placement of a teacher as part of the placement Program Defendant charges an additional fee of $2,500.

28. Defendant collects program fees from teachers in addition to those collected as part of its Teacher Placement Program.

29. At all relevant times, Defendant was an employment agency as that term is defined under ORS § 659A.001(5).

COMPLAINT – 4

30. At all relevant times, Defendant was an employment agency as that term is defined under 42 U.S.C. § 2000e(c).

31. At all relevant times, Defendant was a covered entity as that term is defined under 42 U.S.C. § 12111(2).

32. Before Doe and Roe came to the United States in August 2021, they applied for sponsorship for J-visas with Defendant.

33. As part of the visa application process, sponsors are required to carefully screen J-1 applicants to ensure that they are qualified to teach.

34. Under 22 C.F.R. § 62.24(e), before Doe came to the United States to teach, Defendant was required to verify that Doe was qualified to teach in her home country, had at least two years of full-time teaching experience in her home country, had at least the equivalent of a U.S. Bachelor's degree, satisfied the teaching eligibility standards of the U.S. state in which she was to teach, and was of good character and reputation.

35. Under 22 C.F.R. § 62.24(e), before Doe came to the United States to teach, Defendant was required to secure references from a colleague and a former supervisor attesting to Doe's good reputation, character, and teaching skills.

36. Before Doe came to the United States in August 2021, Defendant determined that Doe was qualified to teach.

37. Defendant assigned Doe to a host school (hereinafter "the host school"), located in Multnomah County, Oregon.

38. The host school is a private French immersion school for pre-school and primary school age children in Multnomah County, Oregon.

COMPLAINT – 5

39. Doe worked as a teacher at the host school from fall of 2021 until around February 4, 2023, when her employment there was terminated after a dispute involving pay.

40. On February 5, 2023, Defendant's J-1 Program Director, Christina Friedrichsen, sent Plaintiff Doe an email confirming that Friedrichsen was aware that Doe's employment had been "terminated by [the host school]."

41. In the February 5, 2023 email Ms. Friedrichsen wrote, "[w]e are fully aware of your complaints and grievances. I understand [the host school] has much to work on . . . ."

42. In the February 5, 2023 email, Ms. Friedrichsen also wrote, "we can work with you to help you find another school."

43. In the February 5, 2023 email, Ms. Friedrichsen also wrote, "I think your preference is to teach French, but I believe your qualifications would allow you to teach normal elementary school too. You could teach at a private school or a public school. I believe you are eligible for an Oregon state teaching license if needed."

44. According to Defendant, as of February 5, Doe was qualified to perform the essential functions of a French teacher, or a "normal" elementary school teacher.

45. Under 22 C.F.R. 62.9(g), sponsors are required to appoint a responsible officer and at least one alternative responsible officer.

46. Under 22 C.F.R. § 62.11(a), if the program has an employment component, Responsible and Alternative officers that work with such a program are required to "have a detailed knowledge of federal, state, and local laws pertaining to employment."

47. At all relevant times, Defendant's program had an employment component.

48. At all relevant times, Defendant's responsible and alternative officers were required to have a detailed knowledge of federal, state, and local laws pertaining to employment.

COMPLAINT – 6

49. Nicholas Spagnolo is Defendant's President and an Alternative Responsible Officer.

50. Christina Friedrichsen is Defendant's J-1 Program Director and Responsible Officer.

51. Christina Rivas is one of Defendant's J-1 Program Managers and an Alternative Responsible Officer.

52. Judith Co is one of Defendant's J-1 Program Managers and an Alternative Responsible Officer.

53. Doe was hospitalized for one night for treatment for a mental health crisis on or around February 7, 2023.

54. Defendant learned of that incident sometime before February 22, 2023.

55. After it learned of the February 7, 2023 incident, Defendant formed the belief that Doe had a mental disability or, in the alternative, it learned that Doe had an actual disability or a record of a disability.

56. At all relevant times, Doe had a disability because she had an impairment that substantially limited one or more major life activities, had a record of such an impairment, or was regarded by Defendant as having such an impairment as described in 29 C.F.R. § 16.30.2(l).

57. After Defendant learned of the February 7, 2023 incident, at all relevant times it regarded Doe as a person with a mental disability.

58. On or around February 22, 2023, a second school located in Multnomah County (hereinafter "the new host school") offered Doe a position as a French Teacher.

59. At all relevant times, Doe was qualified to teach French at the new host school.

COMPLAINT – 7

60. At all relevant times, Doe was qualified to work as a teacher, with or without an accommodation.

61. Under J visa program rules, Doe was not authorized to accept the position with the new host school without Defendant's approval.

62. On or around February 23, 2023, the new host school communicated to Defendant regarding Doe's position with it.

63. Doe and Roe communicated to Defendant that Doe had received a job offer from the new host school, including during a phone call on or around February 27, 2023.

64. On or around February 27, 2023, Defendant informed Doe that it would not approve Doe's request approval to work at the new host school.

65. During that call, Doe expressed her willingness to provide Defendant with a letter from a medical provider regarding her well-being and ability to perform the job.

66. Despite Doe's willingness to provide a letter from her medical provider, Defendant did not request that she provide such a letter.

67. In a letter to Doe dated March 2, 2023, Defendant's Responsible Officer, Friedrichsen, and its Alternative Responsible officers, Rivas, Co, and Spagnolo, wrote "[a]s discussed during a phone conversation with you on February 27, 2023 . . . [w]e do not feel comfortable placing you in a new school environment, which is likely to present new challenges and new stressors, so soon after the incident that took place on February 7, 2023."

68. Defendant refused to place Doe at the new host school because it perceived her to be an individual with a disability or, in the alternative, because Doe had an actual disability or a record of a disability.

COMPLAINT – 8

69. In response to Defendant's March 2 letter to Doe, Plaintiffs sent Defendant a letter in which Doe reiterated her willingness to provide medical documentation regarding her ability to work as a teacher, explained that the position at the new host school was "still available to her," requested that Defendant authorize her request to work for the new host school, and requested that Defendant inform Doe of "any additional steps" she needed to take to gain Defendant's approval to take the position at the new host school.

70. In a letter dated March 20, 2023, Defendant reiterated that it would not approve Doe's request to work for the new host school, informed her that it was ending her J-visa status on March 21, 2023, and asserted that she and Roe needed to leave the United States on or before April 20, 2023.

71. Doe was deprived of one or more employment opportunities because Defendant regarded her as an individual with a disability or, in the alternative, because Doe had an impairment that substantially limited one or more major life activities, or a record of such an impairment.

72. Plaintiff Roe also worked as French teacher.

73. At all relevant times, Defendant knew that Roe was employed as a French teacher.

74. At all relevant times, Defendant knew that Roe would lose the ability to lawfully remain and work in the United States under the J-visa program if it terminated Doe's participation in the program.

75. At all relevant times, Roe was a qualified individual.

76. On or around March 20, 2023, Defendant informed Roe's employer that Roe was no longer authorized to work.

COMPLAINT – 9

77. Under 42 U.S.C. § 12112(b)(4), it is unlawful for a covered entity to exclude or otherwise deny equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

78. Under ORS 659A.112(2)(d), it is unlawful for an employer to exclude or otherwise deny equal jobs or benefits to a qualified individual because the individual is known to have a relationship or association with an individual with a disability.

79. At all relevant times Defendant had six or more employees.

80. Defendant unlawfully deprived Roe of his employment or otherwise excluded or denied him equal jobs or benefits, because of his wife's disability.

81. On April 3, 2023, through counsel, Plaintiffs sent a copy of a letter from Doe's medical provider to Defendant.

82. The letter from Doe's medical provider, dated March 22, 2023, expressed that Doe was at all relevant times capable of teaching and being responsible for the students in her class.

83. To date, Defendant has not indicated to Plaintiffs any willingness to review any medical documentation that Doe has offered to provide, or has in fact provided, regarding her ability to work.

84. In a letter dated April 5, 2023, Defendant responded to Plaintiffs' April 3, 2023 letter, and asserted that it was not Doe's employer.

85. Pursuant to 42 U.S.C. § 12111(2), "[t]he "term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee."

86. Defendant's Responsible and Alternative Responsible Officers, who are required to have a detailed knowledge of employment law, acted with reckless indifference with respect to the federally protected rights of Plaintiffs.

87. Defendant acted with reckless indifference with respect to the federally protected rights of Plaintiffs.

88. As a result of Defendant's discrimination based on actual, record of, or perceived disability, Plaintiff Doe has suffered economic and emotional harm.

89. As a result of Defendant's discrimination based on actual, record of, or perceived disability, Plaintiff Roe has suffered economic and emotional harm.

## CLAIMS FOR RELIEF
### First Claim – Title I of the ADA

### Disability Discrimination

90. Defendant violated 42 U.S.C. § 12112, by discriminating against Plaintiffs on the basis of disability, perceived disability, or record of disability in regard to job application procedures, hiring, employment opportunities, equal jobs or benefits, or other terms, conditions, and privileges of employment.

91. Plaintiffs seek, back pay, compensatory damages, punitive damages, and attorney fees and costs under 42 U.S.C. §§ 12117(a), 2000e-5, and 42 U.S.C. § 12205.

### Second Claim — Oregon Unlawful Employment Practice
### Discrimination because of disability or perceived disability

92. Defendant violated O.R.S. § 659A.112(1), by discriminating against Plaintiffs on the basis of disability, perceived disability, or record of disability in regard to job application procedures, hiring, employment opportunities, equal jobs or benefits, or other terms, conditions, and privileges of employment.

COMPLAINT – 11

93. Defendant violated O.R.S § 659A.142(2), by failing to refer, refusing to refer, or otherwise discriminating against Plaintiffs on the basis of disability, perceived disability, or record of disability.

94. Plaintiffs seek compensatory damages or $200.00, whichever is greater, punitive damages and attorney fees and costs under O.R.S. § 659A.885(1), (3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1. Award Plaintiffs back pay;

2. Award Plaintiffs compensatory damages, including for emotional distress, mental anguish, and humiliation;

3. Award Plaintiffs punitive damages pursuant to 42 U.S.C. § 1981a(b)(1) and O.R.S. § 659A.885;

4. Find that Plaintiffs are the prevailing party and award reasonable attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12117(a), 42 U.S.C. § 12205, and O.R.S. § 659A.885;

5. Award Plaintiffs pre-judgment interest on sums due under the state law claims and post-judgment interest on all claims; and

6. Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted this 27th day of November, 2023.

                                                            s/ Alex Boon
                                                            Alex Boon, OSB #195761
                                                            alex@nwjp.org
                                                            Northwest Workers' Justice Project
                                                            310 SW Fourth Ave., Suite 320
                                                            Portland, OR 97204
                                                            Telephone: (503) 525-8454
                                                            Facsimile: (503) 946-3029
                                                            *Attorney for Plaintiffs*

COMPLAINT – 12