FILED 16 FEB '24 12:20 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **John Doe**, *Plaintiff*, v. **Teachers Council, Inc.**, *Defendant.* | No. 3:23-cv-01747-AN <br><br> Honorable Adrienne Nelson <br><br> **Eugene Volokh's MOTION TO INTERVENE AND UNSEAL** |

### Motion

Eugene Volokh is seeking (on his own behalf) to move to intervene and unseal the motion to proceed pseudonymously (ECF No. 4). Movant certifies that he has made a good faith effort through a telephone conference to resolve the dispute. Plaintiffs have said that they would agree to a stipulated order requiring the filing of a redacted version of the motion with the nature of the relevant mental health conditions redacted. Movant, however, continues to seek the unsealing of the entire motion, without those redactions. Defendants have no objection to Movant's motion.

### Memorandum

### Introduction

"Motions to unseal judicial proceedings and orders ruling on those motions have historically been open to the public, at least during recent history. Logic also dictates that the record of these types of proceedings should be open to the public because the very issue at hand is whether the public should be excluded or included .... The

1

public should be permitted to observe, monitor, and participate in this type of dialogue, or at least review it after the fact." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1096 (9th Cir. 2014) (internal citations omitted). The same logic applies to motions to seal material, including motions to proceed pseudonymously.

Volokh is the Gary T. Schwartz Professor of Law at UCLA School of Law, where he writes about First Amendment law and access to courts, including pseudonymity. *See, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022). He has written about many cases dealing with pseudonymity in his *The Volokh Conspiracy* blog, posted at the site of Reason magazine (https://reason.com/volokh/), a leading libertarian magazine that delivers news and opinions on civil liberties. *See* https://reason.com/tag/right-of-access/. He would like to see the motion to proceed pseudonymously to better understand why pseudonymity was allowed in this case (ECF No. 16), and to be able to relay these reasons to readers. This includes information on the nature of plaintiff's mental health conditions, which seem likely to have been relevant to this Court's decision to allow pseudonymity.

## Argument

### I. Volokh should be allowed to intervene as a member of the public and the press.

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999). In particular, "[r]epresentatives of the press must be given an opportunity . . . to intervene in this Court to seek unsealing of documents filed in a court proceeding." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150

(2d Cir. 2019) (cleaned up). The typical requirements of permissive intervention, including an "independent jurisdictional basis and strong nexus of fact or law," "are not required where [the] intervenor merely seeks to challenge a protective order." *San Jose Mercury News*, 187 F.3d at 1100 (citation omitted).

Therefore, the only requirement to intervene is timeliness. *Id.* at 1101. This motion is timely because it was filed within five weeks of the order granting the Plaintiff's motion to proceed pseudonymously. While "prejudice to other parties" is usually a factor in timeliness, "assuming an intervenor does assert a legitimate, presumptive right to open the court record of a particular dispute, the potential burden or inequity to the parties should affect not the right to intervene, rather, the court's evaluation of the merits of the applicant's motion." *Id.* (citation omitted).

## II. The motion should be unsealed under the common law right of access.

"[T]he public . . . has a common-law right to inspect and copy public records and documents." *In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008) (internal quotations omitted). The motion to proceed pseudonymously is a public record, and the public has a right to access it, to better understand the arguments this Court found salient when granting the motion.

Public access to motions to proceed pseudonymously reflects "the need for the public right of access—to provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (internal quotations omitted). Because granting the motion to proceed pseudonymously keeps the party's identity secret from the public, the public ought to have access to the reasoning justifying that decision.

Courts have recognized that "brief[s] and the accompanying declarations" supporting protective orders "are the types of documents that are usually filed with the court and are generally available," so that "on the continuum of materials to which a presumption of public access applies, they fall well toward the end where the presumption is accorded the greatest weight." *Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) (cleaned up); *see also Allegiant Travel Co. v. Kinzer*, No. 221CV01649JADNJK, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022) ("A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information."); *Vineyard Vines LLC v. MacBeth Collection, L.L.C.*, No. 3:14-CV-1096, 2019 WL 12024583, at *6 n.6 (D. Conn. Apr. 1, 2019) (finding that a "motion to seal itself should be filed on the public docket and **not** under seal") (emphasis in the original); *Doe v. City of New York*, No. 1:22-CV-7910 (LTS), 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022) ("Courts within this Circuit have tended to treat a motion to seal as a judicial document that is entitled to a strong presumption of public access."); *Cheng v. Wilson*, No. 1:22-CV-10706 (LTS), 2023 WL 7710966, at *3 (S.D.N.Y. Oct. 2, 2023) (concluding that a "motion to redact certain information" is a judicial document that is "entitled to a strong presumption of public access").

A motion to proceed pseudonymously is also "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101. The ability to proceed pseudonymously may affect a litigants' willingness to proceed with litigation. *See,*

4

*e.g.*, Volokh, *supra*, 73 Hastings L.J. at 1395-96. And the motion itself affects the public's substantive First Amendment right to access court records. *See, e.g.*, *DePuy Synthes Prod., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1370 (Fed. Cir. 2021) (agreeing with precedent that states that "designating party identity as confidential implicates First Amendment rights"); *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019); *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). "[C]ompelling reasons" must therefore be shown to justify keeping the judicial record under seal. *Ctr. for Auto Safety*, 809 F.3d at 1102. The "'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009).

And the nature of plaintiff's mental health condition is likewise closely related to the merits of plaintiff's motion to proceed pseudonymously. Courts are divided on whether to allow pseudonymity in order to shield a plaintiff's mental health conditions, *see* Volokh, *supra*, 73 Hastings L.J. at 1437-41, and it appears that the nature of the condition—and the stigma attached to it—may affect courts' judgment on the matter. *See, e.g.*, *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1146 (N.D. Cal. 2016) (gathering such cases). To understand how this Court's decision to allow pseudonymity falls within that pattern, it is important to know just what mental conditions are involved here.

There are no compelling reasons justifying keeping the motion to proceed pseudonymously under total seal. Doe's name and other personal identifying information (but not the mental conditions) can instead be redacted, so that Doe's pseudonymity

is protected while allowing the public to understand the legal arguments that led this Court to grant the motion. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137-38 (9th Cir. 2003) ("We do not see how the presence of a small number of [confidential] records that can be redacted with minimal effort constitutes 'good cause,' let alone a compelling reason . . . to overcome the strong presumption in favor of public access."); *see also Del Nero v. Allstate Ins. Co.*, No. CV009068AHMAIJX, 2021 WL 3285033, at *3 (C.D. Cal. June 30, 2021) (applying the compelling reasons standard and finding that the "Plaintiff must submit a redacted version of the motion to seal which redacts *only* his address") (emphasis in the original).

The motion to proceed pseudonymously should be unsealed, with reasonable redactions, even if this Court applies the good cause standard rather than the compelling reasons standard. *Doe v. Univ. Acct. Serv., LLC*, No. 09-CV-01563-BAS-JLB, 2022 WL 623913, at *5 (S.D. Cal. Mar. 3, 2022), did authorize sealing a motion to seal under the good cause standard, on the grounds that it contained "sensitive personal information." But there is no "good cause" to seal motions when private information can be "redacted with minimal effort." *Foltz*, 331 F.3d at 1137-38. And indeed another court considering a sealing request by the same plaintiff as in *Doe v. Univ. Acct. Serv., LLC* denied that plaintiff's request to seal his motion for reconsideration of an ex parte motion to seal records, though the court allowed the redaction of his street and email addresses. *Del Nero v. NCO Fin. Sys.*, Inc., No. 2:06-CV-04823-JDW, 2021 WL 3615904, at *2 (E.D. Pa. Aug. 12, 2021); *see* https://storage.courtlistener.com/recap/ gov.uscourts.casd.302295/gov.uscourts.casd.302295.9.0.pdf, *archived at* https://

perma.cc/9XQN-9JWY (archived version of an earlier order in *Doe v. Univ. Acct. Serv.* reflecting that the plaintiff was the same one as in *Del Nero*).

In any event, this Court does not need to decide what standard applies, because redactions can cure any privacy interests under either standard. *See BeSang, Inc. v. Intel Corp.*, No. 3:23-CV-00113-HZ, 2023 WL 6534015, at *3 (D. Or. Oct. 4, 2023) (finding that the court did not need to "decide whether the good cause standard or the compelling reasons standard applie[d]" when the court "redacted identifying names and details" and there was "no good cause or compelling reason for further redaction of the Opinion and Order").

### III. The motion should be unsealed under the First Amendment.

"Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents." *Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990) (ordering the district court to unseal memoranda filed under seal). "[T]he constitutional right of access [applies] to written documents submitted in connection with judicial proceedings that themselves implicate the right of access." *Matter of New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987) (so holding as to memorandum in support of a motion to suppress evidence). Since the motion to proceed pseudonymously directly resulted in the public losing the right of access to the Plaintiff's identity, the public has a First Amendment right of access to the motion.

The motion to proceed pseudonymously is likewise protected by the First Amendment right of access under the "experience and logic" test, which asks a court to con-

sider both "whether the documents have historically been open to the press and general public" and "whether public access plays a significant positive role in the functioning of the particular process in question." *United States v. Sleugh*, 896 F.3d 1007, 1013 (9th Cir. 2018) (citation omitted). "Motions to unseal judicial proceedings and orders ruling on those motions have historically been open to the public, at least during recent history." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1096 (9th Cir. 2014). A motion to proceed pseudonymously is similar to a motion to unseal because both prevent the public from accessing information.

"Logic also dictates that the record of . . . proceedings [relating to the right of access] should be open to the public." *Id.* (finding the "public has a qualified right of access under the First Amendment" to the record for the "motion to unseal," "appellate briefs," and "motions filed" in the appeal). Likewise, without access to the motion to proceed pseudonymously, the public has no opportunity to scrutinize this Court's reasoning for denying the public access to the party's identity and provide necessary accountability to the judicial system.

To overcome the strong presumption of access, this Court would have to make specific on the record findings "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Sleugh*, 896 F.3d at 1013. For the reasons given in Part II, keeping the motion to proceed pseudonymously under total seal is not essential.

## Conclusion

As a member of the public and the press, Volokh has a common law and First Amendment right of access to the motion. The motion to proceed pseudonymously is

subject to a strong presumption of access, and this presumption is not rebutted here. Volokh should be allowed to intervene, and the motion should be unsealed (with reasonable redactions) to allow the public to understand this Court's basis for granting the motion.

Respectfully Submitted,

s/ Eugene Volokh

Pro Se
Professor of Law
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

### Certificate of Compliance

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 2,180 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

s/ Eugene Volokh

### Certificate of Service

I served this document on counsel for both parties by e-mail (with their consent) today February 2, 2024.

s/ Eugene Volokh

9

## Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1Z9E33390197879343

**Weight**

1.00 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

02/02/2024

**Delivered On**

02/06/2024 10:01 A.M.

**Delivered To**

1000 SW 3RD AVE
PORTLAND, OR, 97204, US

**Received By**

MARSHALS

**Left At**

Front Desk

Please print for your records as photo and details are only available for a limited time.

Sincerely,

UPS

Tracking results provided by UPS: 02/12/2024 11:44 A.M. EST