**Alex Boon**, OSB #195761
alex@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
310 SW Fourth Ave., Suite 320
Portland, OR  97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JANE DOE** and **JOHN ROE**, *individuals*,<br><br>    Plaintiffs,<br><br>v.<br><br>**TEACHERS COUNCIL, INC.,** *a foreign business corporation*,<br><br>    Defendant. | Case No.: 3:23-cv-1747<br><br>RESPONSE TO EUGENE VOLOKH'S MOTION TO INTERVENE AND UNSEAL |

## INTRODUCTION

Plaintiffs strenuously object to the request of Eugene Volokh, a UCLA Law School professor, that the Court unseal Plaintiffs' motion for leave to proceed anonymously. Instead, Plaintiffs ask the Court to either deny his motion or to order that the redacted version of the motion, filed under seal as Exhibit A, be filed in the public record under F.R.C.P. 5.2(d). In this way, Professor Volokh's scholarly interest in the basis of the Court's decision to grant Plaintiffs' motion may be balanced against Plaintiffs' interest in preventing the stigmatization and discrimination of a mental health issue that has already affected their lives and livelihoods.

RESPONSE TO MOTION TO INTERVENE AND UNSEAL – 1

**RESPONSE**

Plaintiffs Doe and Roe, a married couple, have brought suit against Teachers Council, Inc., the employment agency that sponsored their employment visas, for discrimination based on Plaintiff Doe's perceived disability. Compl., ECF Doc. 1. Plaintiffs have alleged that Defendant illegally refused to allow Plaintiff Doe to secure employment with as French teacher, because it believed that her mental health prevented her from doing the job, rejecting Plaintiffs' attempts to provide Defendant with medical evidence that she was capable of teaching. *Id.* at ¶¶55-68. Plaintiffs alleged that Defendant's actions deprived Plaintiffs of Plaintiff Doe's employment at a new school, their employment visas, and their ability to work in the United States. *Id.* at ¶¶70-76.

Plaintiffs moved to proceed anonymously due to the highly sensitive nature of the underlying facts and to protect Plaintiffs from additional social and economic harm that may occur if future employment agencies or employers learn of this suit and its facts. Mot. Leave Proceed Pseudonyms, ECF. Doc. 4-1. The Court granted their motion on January 2, 2024. Order, ECF Doc. 16.

The Court has broad discretion to allow the use of pseudonyms when necessary to "protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir.2000). Professor Volokh, indeed, does not seek the disclosure of Plaintiffs' identities. Mot. Intervene & Unseal at 5-6, ECF. Doc. 20. Instead, Professor Volokh seeks to intervene in this case and to have Plaintiffs' motion to proceed anonymously be completely unsealed so that he may post about the Court's decision on the motion on his blog. *Id.* at. 2. Plaintiffs offered to Professor Volokh that a lightly redacted version of their motion that conceals the underlying medical challenge would protect Plaintiffs' confidentiality while providing Professor Volokh with information. *Id.* at 1. However,

RESPONSE TO MOTION TO INTERVENE AND UNSEAL – 2

Professor Volokh feels that he has a right to know the details of Plaintiff Doe's mental health challenges underlying this suit. *Id.*

In the Ninth Circuit, courts may seal non-dispositive motions and related materials for "good cause." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "Good cause" standard is the same as used in fashioning protective orders for discovery, and is a lower than the "compelling interest" standard discussed by Professor Volokh. *Id.* Here, good cause existed and still exists for redacting or sealing the specific medical challenge at issue.

Medical histories of litigants are often protected by courts when weighing the privacy and confidentiality of individuals with our open courts. *See Gary v. Unum Life Ins. Co. of Am.,* No. 3:17-cv-01414-HZ, at 6 (D. Or. Apr 17, 2018)(listing District Court opinions that sealed medical information to protect litigants' privacy). The United States District Court for the District of Oregon even urges efilers to exercise caution when filing documents that contain medical records, treatment and diagnosis and counsels them to do so under seal. U.S. Dist. Ct., "Personal Data Indentifiers Notice," https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/personal-data-identifiers-notice (last visited Feb. 20, 2024).

In this case, Plaintiffs have already suffered from the severe consequences of the stigmatization of this particular mental health challenge. Compl.. Plaintiff Doe, a foreign national, lost a teaching position because Defendant would not sponsor her visa, and therefore she lost her J-1 visa. *Id.* at 9-10, 70. Her husband Plaintiff Roe, who was working and living in the United States on a derivative J-2 visa, also lost his work visa. *Id.* at 70, 76. The discrimination based on Doe's perceived mental health disability has made the lives of Plaintiffs and their family much more precarious and uncertain than most victims of employment discrimination.

RESPONSE TO MOTION TO INTERVENE AND UNSEAL – 3

A decision to unseal the motion completely will have a chilling effect on Plaintiffs who would have to weigh the ongoing potential stigmatization of this mental health challenge with pursuing their rights to be free from discrimination in their employment. Oregon, compared to Professor Volokh's home state of California, is small, and the number of primary and pre-school French schools in the Portland Metro area are very, very few. Plaintiffs will have to decide whether the possibility that an enterprising member of the French school community could piece together Plaintiffs' identities and learn of Plaintiff Doe's mental health history is worth seeking justice for their claims against Defendant.

For the sake of efficiency and to avoid lengthy briefing regarding Professor Volokh's right to intervene or the merits of his arguments, Plaintiffs file with this motion a redacted copy of their Motion for Leave to Proceed Anonymously as sealed Exhibit A. If the Court so orders, Plaintiffs will file the redacted motion into the public records. F.R.C.P. 5.2(d). In this way, Professor Volokh may satisfy his curiosity regarding the arguments Plaintiffs made, upon which the Court based its decision to grant their motion.

## CONCLUSION

Plaintiffs ask the Court to deny Professor Volokh's request to unseal their motion for leave to proceed anonymously and, if it so chooses, order the redacted motion at Exhibit A to be filed in the public record.

Respectfully submitted this 20th day of February, 2024.

                s/ Corinna Spencer-Scheurich
                Corinna Spencer-Scheurich
                OSB #130147
                corinna@nwjp.org
                Northwest Workers' Justice Project
                310 SW Fourth Ave., Suite 320
                Portland, OR 97204
                Telephone: (503) 525-8454
                Facsimile: (503) 946-3029
                *Attorney for Plaintiffs*

RESPONSE TO MOTION TO INTERVENE AND UNSEAL – 4

CERTIFICATE OF SERVICE

I, Corinna Spencer-Scheurich, hereby certify that on the date below I caused to be served a true and correct copy of the foregoing document on:

Joel A. Ready
joel@cornerstonelaw.us
Cornerstone Law Firm
8500 Allentown Pike, Suite 3
Blandon, PA 19510
joel@cornerstonelaw.us
*Attorney for Defendant*
(via email)

Graham M. Sweitzer
graham.sweitzer@harrang.com
Harrang Long P.C.
111 SW Columbia Street, Suite 950
Portland, OR 97201
graham.sweitzer@harrang.com
*Local counsel for Defendant*
(via email)

Eugene Volokh
Professor of Law
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu
(via email)

Dated this 20th day of February, 2024.

                                                                    s/ Corinna Spencer-Scheurich
                                                                    Corinna Spencer-Scheurich
                                                                    OSB #130147
                                                                    corinna@nwjp.org
                                                                    Northwest Workers' Justice Project
                                                                    *Attorney for Plaintiffs*

RESPONSE TO MOTION TO INTERVENE AND UNSEAL – 5