UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Jane Doe and John Roe,<br><br>              *Plaintiffs,*<br>v.<br><br>Teachers Council, Inc.,<br><br>              *Defendant.* | No. 3:23-cv-01747-AN<br><br>Honorable Adrienne Nelson<br><br>**Eugene Volokh's**<br>**REPLY TO RESPONSE TO MOTION**<br>**TO INTERVENE AND UNSEAL** |

### Introduction

The presumption of access to court records may only be overcome "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Plaintiff Doe's mental health condition is a highly significant part of the motion to proceed pseudonymously, and this information should not be kept under seal based on a hypothetical fear of future discrimination. The public has an interest in the nature of the mental health condition, in order to understand how courts are making decisions about whether to allow parties to litigate pseudonymously.

### Argument

**I. The public has an interest in the Plaintiff's mental health condition, which is central to the pseudonymity motion.**

To understand this Court's decision to grant the motion to proceed pseudonymously, the public must know the mental health condition being used to justify the

1

grant. In considering whether "to allow anonymity" based on supposed mentally "disabling conditions," courts "have emphasized how exceptional and stigmatizing the issues must be":

> *See, e.g., Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (holding that plaintiff's obsessive-compulsive disorder was a "common enough" disorder and not so "shameful" that it warranted anonymity); *Doe v. UNUM Life Ins. Co. of Am.*, 154 F. Supp 3d 1140, 1146 (N.D. Ca. 2016) (holding "lawyer-plaintiff whose claim centers upon when he became disabled due to mental illness" was not entitled to anonymity); *Doe v. Garland*, 341 F.R.D. 116 (S.D. Ga. 2021) (holding "the fact information about a litigant's mental health may be revealed, without more, does not permit a party to proceed anonymously."); *Doe v. Berskshire [sic] Life Ins. Co. of Am.*, No. 20-cv-1022, 2020 WL 3429152 * 2 (D. Col. June 23, 2020) (denying motion to proceed using pseudonym where request was based on potential embarrassment due to plaintiff's diagnosis of post-traumatic stress disorder); *Doe ex rel. Doe v. Harris*, No. 14–cv–00802, 2014 WL 4207599, at *2 (W.D. La. Aug. 25, 2014) (finding plaintiff's mental disorder, which "rendered him perpetually childlike and vulnerable," was not so stigmatizing as to require anonymity).

*Smith v. Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844 (D. Md. Nov. 30, 2022), *aff'd*, No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023). Likewise, when courts have allowed pseudonymity based on a plaintiff's claim of mental illness, they have often noted the serious nature of the illness in concluding that it is especially likely to lead to social stigma. *See, e.g., Doe v. United of Omaha Life Ins. Co.*, No. 23-CV-02307-JST, 2023 WL 5919287, at *1 (N.D. Cal. Aug. 21, 2023) (granting pseudonymity because the plaintiff's combination of "severe major depressive disorder, generalized anxiety disorder, severe cannabis use disorder, opioid use disorder, and insomnia" was "unusual" and would necessarily expose the plaintiff to "social stigma"); *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) ("a risk of stigmatization is possible if Plaintiff comes out as a bipolar sufferer both in Plaintiff's

community and in his career"). Unsealing the mental health condition that justified pseudonymity in this case would help the public understand why this Court decided as it did, and where it is drawing the line between mental health conditions that are mild enough that pseudonymity is unjustified, and those that are serious enough that pseudonymity is justified.

## II. The "compelling reason" standard, not the "good cause" standard should apply.

The "good cause" standard was created for "sealed discovery material attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default." *Id.*

The public's right of access applies to "written documents submitted in connection with judicial proceedings that themselves implicate the right of access." *Matter of New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987). The motion to proceed pseudonymously affects the public's access to the Plaintiff's identities and thus directly implicates the public's substantive First Amendment and common law right of access. *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (describing the public's First Amendment interest in the party's identity); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (reasoning that the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings"). Therefore, "compelling reasons" must be shown to justify keeping the motion, including the

mental health condition, under seal, as is the process for "most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009).

### III. There is no compelling reason to keep the Plaintiff's mental health condition under seal.

"Although mental health diagnoses are certainly sensitive, the fact that a case concerns mental health issues, without more, is insufficient to overcome the presumption in favor of public access." *Doe v. Vail Resorts, Inc.*, No. 18-CV-00197-MEH, 2018 WL 11615589, at *2 (D. Colo. Apr. 10, 2018). The presumption of access may only be overcome "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The Plaintiffs argue that the mental health condition should be kept under seal based on a hypothetical fear that someone will try to deduce who the Plaintiffs are, will succeed, and then will commit employment discrimination based on the Plaintiff's mental health condition. This risk is hypothetical and, therefore, cannot overcome the public's right of access. Indeed, *Doe v. Temple Univ.*, No. 2:23-CV-04433-JDW, 2024 WL 776616 (E.D. Pa. Feb. 26, 2024), went so far as to reject pseudonymity outright in a case alleging physical disability discrimination, reasoning:

> [W]hatever fear Plaintiff has is not reasonable. His fear rests on the notion that his current employer would fire him if it learns about his MG [Myasthenia Gravis] and subsequent employers would refuse to hire him. But any employer that makes employment decisions based on Plaintiff's MG could run afoul of the ADA. It is not reasonable for Plaintiff to assume, or to ask me to assume, that employers will break the law.

*Id.* at *2. This logic applies even more clearly when the plaintiff has already been given the extra protection of pseudonymity, and the concern is that some future employers may guess at the plaintiff's name, and then break the law based on that guess.

4