**Alex Boon**, OSB #195761
alex@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
310 SW Fourth Ave., Suite 320
Portland, OR  97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JANE DOE** and **JOHN ROE**, *individuals*,<br><br>    Plaintiffs,<br><br>v.<br><br>**TEACHERS COUNCIL, INC.,** *a foreign business corporation*,<br><br>    Defendant. | Case No.: 3:23-cv-1747<br><br>MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS |

## LR-7 CERTIFICATION

I conferred with counsel for Defendant before the EEOC, who was unable at that time to confirm that his firm will represent Defendant in this Court. I provided the true identity of the named Plaintiffs in this matter to him, and received no objection from him regarding Plaintiffs' use of pseudonyms in this matter.

## MOTION

Plaintiffs respectfully move this Court to allow them to proceed under pseudonyms. Plaintiffs request that their names and identifying information be redacted from filings (to be

MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS – 1

replaced where appropriate with the assigned pseudonym). In support of this motion, Plaintiffs file Jane Doe's Declaration in support of Plaintiffs' Motion for Leave to Proceed under Pseudonyms, and John Roe's Declaration in Support of Plaintiffs' Motion for Leave to Proceed under Pseudonyms.

## LEGAL MEMORANDUM

Plaintiffs move for leave to proceed under pseudonyms due to the highly sensitive and personal nature regarding the details about Plaintiff Doe. Specifically, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This lawsuit is based on assumptions that Defendant made about Doe's mental health, and her fitness to work as a French Teacher based on its knowledge of that event. *E.g.*, Complaint, at 7, ¶ 55. ("After Defendant learned of the February 7, 2023 incident, at all relevant times it regarded Doe as a person with a mental disability."). ▮▮▮▮▮▮▮▮ is a highly personal, sensitive event. Doe Decl., 1, ¶ 8. Plaintiffs seek to procced under pseudonyms to protect Doe, and Plaintiffs' household from social and economic harm that may occur if others, specifically future employers, learn of ▮ ▮▮▮▮▮▮. *Id.*, 2, ¶ 8 (I am concerned that I will be embarrassed or humiliated if anyone can learn of this private, sensitive event in my life . . . I am very concerned that other employers will erroneously jump to conclusions and assume that I am not qualified to teach, because of stigma.).

Courts may permit Plaintiffs to proceed under a pseudonym to "protect a person from harassment, injury, ridicule or personal embarrassment." *DOES I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 1999). A district court may allow a party to proceed under a pseudonym "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*,

MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS – 2

214 F.3d at 1068. "A plaintiff may proceed pseudonymously where she seeks to 'preserve privacy in a matter of sensitive and highly personal nature.'" *E. H. v. Meta Platforms, Inc.*, 23-cv-04784-JST, at 1 (N.D. Cal. Oct 11, 2023) (quoting *Advanced Textile*, 214 F.3d at 1068). "Cases involving mental illness that could engender social stigma are common candidates for the use of pseudonyms." See *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) (collecting cases)." *E. H. v. Meta Platforms, Inc.*, 23-cv-04784-JST, at 1 (N.D. Cal. Oct 11, 2023).

Here, Plaintiffs alleges that Doe was barred from employment because Defendant unlawfully assumed that she was not fit to work as a French teacher:

> In a letter to Doe dated March 2, 2023, Defendant's Responsible Officer, Friedrichsen, and its Alternative Responsible officers, Rivas, Co, and Spagnolo, wrote "[a]s discussed during a phone conversation with you on February 27, 2023 . . . [w]e do not feel comfortable placing you in a new school environment, which is likely to present new challenges and new stressors, so soon after the incident that took place on February 7, 2023."

Complaint, at 1, ¶ 81. Those assumptions were unfounded. *Id.* at 10, ¶ 82. (A "letter from Doe's medical provider, dated March 22, 2023, expressed that Doe was at all relevant times capable of teaching and being responsible for the students in her class."). Defendant has been rigid in its refusal to deviate from those assumptions – Doe has been willing to provide Defendant with medical documentation regarding her ability to work (and did provide medical documentation to Defendant), *id.* at 8, ¶ 65; 10, ¶ 81, but Defendant "has not indicated to Plaintiffs any willingness to review any medical documentation that Doe has offered to provide, or has in fact provided, regarding her ability to work." *Id* at 10. In short, this case is a candidate for the use of pseudonyms as it involves ▮▮▮▮▮▮▮▮ "that could engender social stigma." *See Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981).

Plaintiffs have a strong need for anonymity given the risk of social stigma. Plaintiffs are concerned with stigma based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and are afraid

MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS – 3

that potential employers will assume that Doe is not fit to teach because of that stigma. Doe Decl. at 2, ¶ 8 ("I believe that there is stigma associated with █████████████████ █████████████████████. I am concerned that I will be embarrassed or humiliated if anyone can learn of this private, sensitive event in my life, at any time, through an internet search. I am very concerned that other employers will erroneously jump to conclusions and assume that I am not qualified to teach, because of stigma."); Roe Decl. at 1 – 2, ¶ 2. Doe and her husband, Roe, are afraid that disclosing their names in this lawsuit would cause others to make unfounded assumptions about Doe, causing them economic and social harm:

> I currently teach French as a substitute teacher, and I have secured a full-time position that is to begin in the next school year. I am qualified to teach French. I take teaching seriously, it is my profession, and it is something that I truly enjoy doing. Teachers Council erroneously assumed that I was unable to teach after it learned of ███████████. I do not want others, specifically other gatekeepers to employment opportunities, to assume that I should not be permitted to teach because of ███████████.

Doe Decl., at 2, ¶ 5–6. *See also* Roe Decl., at 1–2, ¶ 2. Plaintiffs seek to prevent uncontrolled disclosure of a "private, sensitive event" in her life. Doe Decl., 2, ¶ 8; Roe Decl., 2–3, ¶ 2 ("I am concerned that my wife will suffer from discrimination if her name is made public in this lawsuit.") In this case, "pseudonyms are necessary to avoid discrimination in social and employment contexts and to preserve [Plaintiffs'] ability to choose whether and to whom they disclose their mental health concerns." E. H. v. Meta Platforms, Inc., 23-cv-04784-JST, at 2 (N.D. Cal. Oct 11, 2023).

As for prejudice to the Defendant, there appears to be none in this case. Plaintiffs are willing to disclose their true names to Defendant. In addition, Plaintiffs will seek to negotiate a stipulated protective order with Defendant "allowing the plaintiffs' names to be revealed to significant third parties, in a way that protects the plaintiffs' interests sufficiently, 'without

MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS – 4

prejudicing [Defendant's] ability to litigate the case.'" *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F.Supp.3d 990, 996 (N.D. Cal. 2015).

Finally, the public interest in knowing Plaintiffs' true identity does not outweigh their strong privacy interest in this case. Plaintiffs' seek to prevent disclosure of their names. The basic facts giving rise to this lawsuit, and the Court's application of law to fact remain open to the public, and that is what matters most:

> "The great bulk of this case will be on the public record. The basic facts of the plaintiffs' employment and the defendants' challenged conduct, the court's reasoning, and the resulting interplay of those things—which is to say, in a word, the law that runs through and results from this case—will be open to the public. And that is the crucial thing."

*SFBSC Mgmt., LLC*, 77 F.Supp.3d at 996 (N.D. Cal. 2015).

## CONCLUSION

Plaintiffs' interest in protecting their household, and Doe in particular, from unwarranted social and economic stigma that could result from disclosure of their identities outweighs the public's interest in disclosure. At this early stage it appears that there is no prejudice to the Defendant. Plaintiffs will work with Defendant and the Court to ensure that discovery will not be hampered by Plaintiffs' public anonymity. Therefore, the Court should grant the motion and order that Plaintiffs' names and other identifying information be redacted from filings (to be replaced where appropriate with the assigned pseudonym).

Respectfully submitted this 28th day of November, 2023.

s/ Alex Boon
Alex Boon, OSB #195761
alex@nwjp.org
Northwest Workers' Justice Project
310 SW Fourth Ave., Suite 320
Portland, OR 97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029
Attorney for Plaintiffs

MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS – 5

CERTIFICATE OF SERVICE

I, Alex Boon, hereby certify that on the date below I caused to be served a true and correct copy of the foregoing document, as follows:

**Graham M. Sweitzer, OSB #025866**
graham.sweitzer@harrang.com
HARRANG LONG P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone: (503) 242-0000
Facsimile: (541) 686-6564
**Joel A. Ready,** *pro hac vice*
joel@cornerstonelaw.us
**Dominic Mayle,** *pro hac vice forthcoming* **(via email only)**
dominic@cornerstonelaw.us
Cornerstone Law
519 Walnut Street
Reading, PA 19601
Telephone: 610-926-7875
Facsimile: 484-930-0054

*Of Attorneys for Defendant TEACHERS COUNCIL, INC.,*
*a foreign business corporation*

Via email and ECF

**Eugene Volokh**
volokh@law.ucla.edu

*Intervenor, pro se*

Via email


DATED: March 22, 2024                /s Alex Boon
                                     Alex Boon, OSB 195761
                                     alex@nwjp.org
                                     Northwest Workers' Justice Project
                                     310 SW 4th Ave, Ste. 320
                                     Portland, OR 97204
                                     Telephone: (503) 525-8454
                                     Facsimile: (503) 946-3029