**Alex Boon**, OSB #195761
alex@nwjp.org
Northwest Workers' Justice Project
310 SW Fourth Ave., Suite 320
Portland, OR  97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029
*Of Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JANE DOE** and **JOHN ROE**, *individuals*,<br><br>        Plaintiffs,<br><br>v.<br><br>**TEACHERS COUNCIL, INC.,** *a foreign business corporation*,<br><br>        Defendant. | Case No.: 3:23-cv-1747-AN<br><br>PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |

## LR-7 CERTIFICATION

Plaintiffs' Counsel certify that the parties made a good faith effort to resolve this matter

via telephone conference, but were unable to do so.

## MOTION

Pursuant to Fed. R. Civ. Pro. 26(c), Plaintiffs respectfully move for entry of a protective

order that prevents Defendant from discussing or disclosing Plaintiffs' identities or Doe's

February 7 mental health crisis[1] to Plaintiffs' employers, potential employers, or potential visa sponsors.

## BACKGROUND

This is an employment discrimination case, the allegations involve claims of discrimination on the basis of perceived disability, and Plaintiffs also brings claims of intentional interference with economic opportunity that factually, largely overlap with the discrimination claims. In discovery, Defendant made it clear that it intends to serve subpoenas on Plaintiffs' current employers, or at least Doe's. Defendant has expressed interest in obtaining documents regarding how Doe conducts herself as a teacher, and to establish a pattern regarding disputes over pay. It also has expressed interest in documents regarding mitigation, which Plaintiffs are willing to produce, or otherwise address through discovery (as production of documents regarding income may not be necessary depending on written discovery regarding Plaintiffs having fully replaced their income).

The Court has granted Plaintiffs leave to proceed under pseudonyms in this matter, and has determined that Plaintiffs have an overriding interest in not disclosing Doe's mental health history in public; the issue here is whether they have an interest in ensuring that Defendant does not cause the sort of harm the Court has already acted to prevent. In short, Defendant should not be permitted to disclose or discuss information the Court has determined merits protection vis a vis the public, directly to employers, and potential employers and visa sponsors. Further, even if the Court hadn't already protected Plaintiffs' identities and Doe's mental health information, Defendant should not be permitted to seek the invasive information it seeks, nor should it be able

---

[1] The February 7 mental health crisis is described in Plaintiffs' Motion for Leave to Proceed under Pseudonyms, a redacted copy of which was filed on March 22, 2024. ECF 29.

to cause precisely the harms the Court sought to avoid by clumsily conducting unnecessary discovery with respect to current employers or potential visa sponsors.

The Court has already determined that Doe's mental health history merits protection. On March 21, 2024, on nonparty Eugene Volokh's Motion to Intervene and Unseal, the Court protected Doe's mental health history from public disclosure. *See generally* ECF 28. The Court found that plaintiffs had articulated an "overriding interest that keeping specific information about Doe's mental health history under seal is essential to protect," ECF 28, at 5, and identified those interests as follows: 1) medical history is often protected by the courts, and should be treated with caution; 2) Plaintiffs are concerned that "additional social and economic harm . . . may occur if future employment agencies or employers learn of this suit and its facts," and "the entire basis of their case" is that they suffered that type of harm; and 3) disclosure would have a chilling effect, forcing them to "weigh the ongoing potential stigmatization of this mental health challenge with pursuing their rights to be free from discrimination in their employment," which is compounded because of the "very, very" small "French school community," a member of which could likely "piece together Plaintiffs' identities and learn of Plaintiff Doe's mental health history" absent protection from the Court. ECF 28, at 5. Plaintiffs still have these same concerns. In the Court's opinion, Plaintiffs' concerns that Doe and her family would experience hardship through the loss of employment opportunities if her mental health history were disclosed, has merit:

> Plaintiffs have emphasized that the number of French immersion schools in this area is incredibly small, making their employment opportunities far more limited and increasing the likelihood that their already distinguishable identities could be easily surmised from Doe's medical circumstances. The unique circumstances of this case create a substantial probability that Doe's mental health history will be connected to her and her family and that Doe would face continued difficulty in securing a job because of that connection. Indeed, plaintiffs' entire case is premised on allegations that they have already experienced harm because an employer

MOTION FOR PROTECTIVE ORDER – 3

allegedly questioned Doe's ability to perform her job in light of her mental health history. The Court does not find it unreasonable that plaintiffs believe such harm could occur again.

ECF 28, at 6.[2]  The Court considered the intervenor's argument that "any risk posed by unsealing the motion is diminished because plaintiffs will remain anonymous," and determined that various distinguishing details about Plaintiffs in the public record, and the fact that they work "*in an incredibly small community located in a narrow geographic region*," counseled in favor of preventing disclosure of Doe's mental health history, as disclosure "would make it substantially probable that Doe's identity will become known." ECF 28, at 7 (emphasis added). The Court found that "plaintiffs have identified examples of specific prejudice and substantial harm that would occur if Doe's mental health history is unsealed." ECF 28, at 8. In sum, the Court protected Plaintiffs from being forced to disclose Doe's mental health history.

Now, Defendant seeks discovery directly from Doe's current employer, in order to 1) "know what other reason there may be for Doe not being a member of the J-1 community"; 2) "to establish a pattern" regarding disputes over pay, as "in Plaintiffs' pleadings there is a reference to dispute over pay (with a former employer)"; 3) know "how she conducts herself in teaching," and 4) mitigation. Boon Decl., ¶ 2. Plaintiffs' Counsel has offered to "produce documents related to Doe's subsequent income, or establish a" cut-off "date regarding mitigation after confirming" with Plaintiffs. Boon Decl., ¶ 2. Defendant has not taken Plaintiff up on that offer. Before filing this motion, the parties conferred about a subpoena that Defendant intends to serve seeking information from Doe's current employer. On May 23, 2025, Plaintiffs' Counsel requested that Defendant "refrain from all contact with third parties that involves disclosing

---

[2] In addition to the harm caused by difficulty in securing employment, the Court determined that because Plaintiffs' "ability to remain in this country is inherently tied to their employment," there was an additional reason to protect Doe's mental health from disclosure. ECF 28, at 6.

["Plaintiffs] identities or the February 7 incident until we resolve the protective order" covering

those issues. Boon Decl., ¶ 3. That same day, Defendant responded that it "intend[s] to move

forward with the subpoenas." Boon Decl., ¶ 4. *Defendant has advised that it is already "in*

*contact with the school where Doe works*" regarding a subpoena.  Boon Decl., ¶ 5 (emphasis

added). Doe is employed as a French teacher in the Portland area. *Id.*; ECF 47, ¶ 2.

## ANALYSIS

The Court should issue a protective order that prevents Defendant from disclosing 1)

Plaintiffs' identities or 2) Doe's February 7 mental health crisis to Plaintiffs' employers,

potential employers, or potential visa sponsors. In cases like this one,

> where the plaintiffs have demonstrated a need for anonymity, the district court
> should use its powers to manage pretrial proceedings, see FED. R. CIV. P. 16(b),
> and to issue protective orders limiting disclosure of the party's name, see FED. R.
> CIV. P. 26(c), to preserve the party's anonymity to the greatest extent possible
> without prejudicing the opposing party's ability to litigate the case. It may never
> be necessary, however, to disclose the anonymous parties' identities to nonparties
> to the suit.

*DOES I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 1999). Discovery

regarding Plaintiffs' mitigation is relevant (unless the parties resolve the issue through written

discovery), but it is better sought through deposition. Allowing Defendant to subpoena

subsequent employers, or otherwise disclose information regarding Plaintiffs' identities or

mental health, would prejudice Plaintiffs' employment. If Defendant wants discovery regarding

mitigation, it can seek it through documents or written discovery from Plaintiff. As to visa

sponsors, Defendant has no need to communicate with them, and should not be permitted to, in

order to protect Plaintiffs from prejudice with respect to Doe's efforts to secure a new visa

MOTION FOR PROTECTIVE ORDER – 5

sponsor.[3] As described in the Court's Order on Professor Volokh's Motion to Unseal, the risk of adverse consequences to Plaintiffs merits protection.

Further, even in the absence of the Court's opinion on Volokh's Motion to unseal, the discovery sought should not be permitted. First, discovery requests for third-party personnel files are subject to a high showing that Defendant cannot meet, as it is "well-established law" that Defendant must show the material is "clearly relevant" and there is a "compelling" need to obtain the discovery from the party from whom Defendant seeks to obtain it (as opposed to a less invasive manner). *See In Re Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Hi. 1980). Defendant does not need to go to a third-party to obtain mitigation evidence, and cannot establish a clear need for the other information it seeks. Second, Defendant seeks information that is simply not at issue. *See Woods v. Fresenius Med. Care Group of No. Amer.,* 2008 WL 151836 (S.D. Ind. 2008) (quashing subpoenas directed to prior employers and noting that, "[t]he Plaintiff has not placed her entire employment history at issue, but rather only her employment with the Defendant."). Here, Plaintiffs have not placed their entire employment history at issue, much less any employment that occurred after the events giving rise to the lawsuit occurred. Third, to the extent Defendant seeks to establish a "pattern" of pay disputes, that pattern would not be admissible. *E.E.O.C. v. Serramonte* 237 F.R.D. 220, 223 (N.D. Cal. 2006) ("Work performance either before or after the defendant employer, is inadmissible under Rule 404(a) Federal Rules of Evidence (evidence of a trait or character to prove conduct in conformity therewith on a particular occasion is inadmissible).").

Finally, Plaintiffs note that although no formal discovery request has been served regarding the issues that they seek to protect, Defendant has been in contact with Doe's employer

---

[3] Doe Declaration, at ¶ 2 (Doe is currently seeking a new visa sponsor).

MOTION FOR PROTECTIVE ORDER – 6

informally – Plaintiffs are deeply concerned with the effect that this may have on Doe's

employment. Plaintiffs have a legitimate interest in protecting their relationships with their

employers, and with potential visa sponsors as well. "Defendant simply is not entitled to amass a

collection of documents in hopes of finding something useful." *Woods*, 2008 WL 151836, at 7.

The scope of discovery as proposed by Defendant is not proportional to the needs of the case.

*See* Fed. R. Civ. Pro. 26(b)(1). There is good cause to grant Plaintiffs' motion. *See* Fed. R. Civ.

Pro. 26(c).

**CONCLUSION**

For the foregoing reasons, the Court should issue a protective order that prevents

Defendant from discussing or disclosing Plaintiffs' identities or Doe's February 7 mental health

crisis to Plaintiffs' employers, potential employers, or potential visa sponsors.


Respectfully submitted this 23rd day of May, 2025.

/s Alex Boon
Alex Boon, OSB #195761
alex@nwjp.org
Northwest Workers' Justice Project
310 SW Fourth Ave., Suite 320
Portland, OR  97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029
*Of Attorneys for Plaintiffs*

MOTION FOR PROTECTIVE ORDER – 7