IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JANE DOE and JOHN ROE,<br><br>   Plaintiffs,<br> v.<br><br>TEACHERS COUNCIL, INC.,<br><br>   Defendant. | Case No.: 3:23-cv-01747-AN<br><br><br>OPINION AND ORDER |

    Plaintiffs Jane Doe ("Doe") and John Roe ("Roe") bring this action against defendant Teachers Council, Inc., alleging disability discrimination in violation of Title I of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and Oregon Revised Statutes § 659A.112(1), and intentional interference with economic relations. On May 23, 2025, plaintiff filed a motion for protective order. After reviewing the parties' filings, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons stated below, plaintiffs' motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

    Federal Rule of Civil Procedure ("FRCP") 45 allows a party to a lawsuit to serve a subpoena that commands a non-party to "produce documents, electronically stored information, or tangible things[.]" Fed. R. Civ. P. 45(a)(1)(C). The scope of discovery for non-party subpoenas is identical to that permitted under FRCP 26. *Lewin v. Nackard Bottling Co.*, No. CV10-8041-PCT-FJM, 2010 WL 4607402, at * 1 n.1 (D. Ariz. Nov. 4, 2010). FRCP 26(b)(1) provides, in relevant part:

> "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1).

However, a court may issue a protective order upon a showing of good cause, limiting disclosure to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). A court may also limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(i), (iii).

## BACKGROUND

The factual allegations in this case are largely set forth in this Court's previous Opinion and Order. Op. & Order of November 14, 2024, ECF [38], at 4-9. To provide a brief summary, plaintiffs are married French citizens who came to the United States in August 2021 on J visas sponsored by defendant after Doe secured a job as a French teacher at a host school in the Portland area. 3d Am. Compl. ("TAC"), ECF [47], ¶¶ 6-7. Doe worked at the host school from August 2021 until she was terminated on February 4, 2023, after a dispute involving pay. *Id.* ¶ 42. Beginning in around December 2022, Doe had communicated with defendant about problems with the host school and requested to transfer to another school. *See id.* ¶¶ 46-56. On February 6, 2023, defendant stated in an email that it would not approve a transfer to another school. *Id.* ¶ 61. On or around February 7, 2023, Doe was hospitalized for one night for treatment for a mental health crisis (the "February 7 mental health crisis"). *Id.* ¶¶ 92, 107. Defendant learned of the February 7 mental health crisis sometime before February 22, 2023. *Id.* ¶ 108.

On or around February 22, 2023, another school in Multnomah County ("the new host school") offered Doe a position as a French teacher. *Id.* ¶ 112. Under the terms of the J visa program, Doe could not accept the position with the new host school without defendant's approval. *Id.* ¶ 116. On or around February 27, 2023, defendant informed Doe that it would not approve Doe's request to work at the new host school because it believed that she was mentally impaired. *Id.* ¶ 119. In a letter dated March 20, 2023, defendant reiterated that it would not approve Doe's request and informed Doe that it was ending her J visa status on March 21, 2023, and that plaintiffs would need to leave the United States before April 20, 2023. *Id.* ¶ 127.

Plaintiffs initiated this action on November 27, 2023. Plaintiffs filed their Third Amended Complaint on March 14, 2025, alleging claims of disability discrimination and intentional interference with economic relations. *See id.* at ¶¶ 155-161. They seek, among other things, damages for back pay and emotional distress and punitive damages. *Id.* at 19. In its operative Answer,[1] defendant asserts several affirmative defenses, including that it had a legitimate, non-discriminatory reason for its acts or omissions and that Doe's damages were mitigated by subsequent employment. Answer to 2d Am. Compl., ECF [44], at 23-25.

Doe currently works as a French teacher in the Portland area. Pls. Mot. for Prot. Order ("Pls. Mot."), ECF [54], at 5 (citing Decl. Alex Boon Supp. Pls. Mot. ("Boon Decl."), ECF [55], ¶ 5). Doe is also seeking a new visa sponsor. *Id.* at 6 n.3 (citing Decl. Jane Doe Supp. Pls. Mot. ("Doe Decl."), ECF [56], ¶ 2). On May 21, 2025, defendant's counsel emailed plaintiffs' counsel that defendant "is in contact with the school where Doe works. That school is already prepared to answer a subpoena if [defendant is] required to send one." Boon Decl. ¶ 5. During a conferral call on May 22, 2025, defendant's counsel discussed the proposed subpoenas that sought Doe's current employment records. *Id.* ¶ 2. On May 23, 2025, defendant's counsel confirmed that defendant "d[id] intend to move forward with the subpoenas." *Id.* ¶ 4. On May 23, 2025, plaintiff filed the instant motion for protective order.

## DISCUSSION

Plaintiffs move for a protective order that "prevents defendant from discussing or disclosing plaintiffs' identities or Doe's February 7 mental health crisis to plaintiffs' employers, potential employers, or potential visa sponsors." Pls. Mot. 1-2 (citation modified and footnote omitted). In essence, plaintiffs seek to prohibit defendant from serving subpoenas on plaintiffs' current employers, potential employers, or potential visa sponsors.

As an initial matter, defendant has not yet issued subpoenas or other formal discovery

---

[1] On April 4, 2025, defendant moved to dismiss plaintiffs' claim for intentional interference with economic relations for failure to state a claim. ECF [43]. That motion is currently pending before the Court.

requests to plaintiffs' current employers.[2] Thus, with respect to these proposed subpoenas, plaintiffs' motion is "premature in that there are no objections to or violations of any discovery device to examine and no pending subpoenas to quash." *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06cv991-WQH (BLM), 2007 WL 1994059, at *3 (S.D. Cal. July 2, 2007). However, it is also clear that the parties' arguments with respect to the instant motion would be repeated were defendant to serve these proposed subpoenas. Moreover, "a party clearly has standing to seek a protective order to limit discovery from a third party," *Silcox v. AN/PF Acquisitions Corp.*, No. C17-1131 RSM, 2018 WL 1532779, at *3 (W.D. Wash. Mar. 29, 2018), or "prohibit[] contact with plaintiffs' employers," *Rugo v. Hardwick*, No. 2:16-CV-00444-SMJ, 2017 WL 2623771, at *2 (E.D. Wash. June 16, 2017). Therefore, the Court will reach the merits of plaintiffs' motion, despite the lack of an issued subpoena. *See Anderson*, 2007 WL 1994059, at *3.

        Plaintiffs argue that this Court has already recognized that plaintiffs' identities and Doe's mental health information merit protection, and defendant should not be permitted to "cause precisely the harms the Court sought to avoid by clumsily conducting unnecessary discovery with respect to current employers or potential visa sponsors." Pls. Mot. 3. Plaintiffs contend that the discovery sought is impermissible because defendant does not need to go to a third party to obtain mitigation evidence and cannot establish a clear need for the other information it seeks; defendant seeks information that is not at issue; and to the extent that defendant seeks to establish a "pattern" of pay disputes, that pattern would be inadmissible.

        Defendant argues that Doe's subsequent employers already know her identity, and thus it is not her identity that Doe seeks to keep anonymous, but the fact that she has sued defendant. Defendant

---

[2] Defendant argues that even if the subpoenas were served, plaintiffs would not have standing to quash a third-party subpoena. Not so. A party has standing to challenge a subpoena issued to a third party if "the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Wickersham v. Eastside Distilling, Inc.*, 692 F. Supp. 3d 1052, 1066 (D. Or. 2023) (citation modified), *aff'd in relevant part*, 2024 WL 455070 (Jan. 25, 2024). Federal courts expressly recognize a constitutional right to privacy that can be raised in response to discovery requests. *Breed v. U.S. Dist. Ct., N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976); *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005). An employee's personnel records and employment information are protected by this constitutional right to privacy. *Bickley v. Schneider Nat'l, Inc.*, No. C 08-5806 JSW (JL), 2011 WL 1344195, at *2 (N.D. Cal. Apr. 8, 2011) (citations omitted). Therefore, plaintiffs would have standing to challenge subpoenas issued to their current employers for their employment records.

argues that plaintiffs have the power to accommodate defendant's need for discovery with their privacy interests but refuse to do so and "appear to have something to hide." Def. Br. Opp'n Pls. Mot. ("Def. Resp."), ECF [58], at 4. Defendant asserts that plaintiffs' current employment records are relevant to prove that Doe has an "attitude of entitlement and character and propensity for unprofessional conduct, combativeness, and evasiveness" and to establish possible mitigation of damages. *Id.* at 6. Defendant further contends that "[i]n discovery, [it is] permitted to put [p]laintiffs' veracity to the test by obtaining information from other sources." *Id.* at 8.

A.    **Discovery from Current Employers**

Although plaintiffs have a legitimate privacy interest in the contents of their current employment records, the Court must weigh that privacy interest "against [defendant's] need for the challenged information." *Estrada v. Avalon Health Care Hearthstone, LLC*, No. 1:21-CV-00688-CL, 2022 WL 4125644, at *2 (D. Or. Aug. 19, 2022). "[C]ourts of the Ninth Circuit generally allow discovery of employment records notwithstanding such privacy and public policy concerns where the material sought is clearly relevant to claims or defenses at issue and the information contained in the material is not otherwise readily available." *Beaver v. Delicate Palate Bistro, Inc.*, No. 3:17-cv-00644-PK, 2017 WL 4011208, at *2 (D. Or. Sept. 12, 2017) (citation omitted).

Defendant offers five reasons that plaintiffs' current employment records are relevant. Defendant argues that these records could show (1) other potential reasons that Doe is "not a member of the J-1 community"; (2) a "pattern" of Doe's pay disputes with employers; (3) Doe's job performance; (4) mitigation; and (5) credibility. The Court addresses these arguments in turn.

Plaintiffs' current employment records are not relevant with respect to defendant's first three asserted reasons. First, it is unclear why other reasons that Doe is currently not part of the J-1 community are relevant to defendant's decision to withdraw its sponsorship of Doe in March 2023 or how plaintiffs' current employment records could shed light on these reasons. As plaintiffs argue, Doe has not placed her entire employment history at issue, but rather only the period during which defendant sponsored and withdrew its sponsorship of her J-1 visa. Defendant asserts, without citation to any legal authority, that

5

it can consider current conduct as well as past conduct in re-assessing Doe's character arising from how and why she lost her employment with the host school and determining that she was not a good fit to continue in its J visa program.  Defendant is mistaken.  Although defendant is certainly entitled to argue that it had a legitimate, non-discriminatory reason for its actions, Doe's subsequent employment, including any alleged "pattern" of pay disputes with her current employer or current job performance, could not have had any bearing on defendant's decision to end Doe's J-visa status.  *See Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-cv-05554-JST-TSH, 2019 WL 1493354, at *6 (N.D. Cal. Apr. 4, 2019) (holding that "[t]he focus of discovery in this termination case should be on the reasons for the termination" and that it was "unclear" how evidence of potential inadequate performance at previous jobs would be relevant).  Finally, the Court cannot discern how Roe's current employment records bear any relevance to other reasons for Doe not being in the J-1 community or Doe's "pattern" of pay disputes or job performance with her current employer.

As for mitigation, plaintiffs acknowledge, and the Court finds, that their current employment records are relevant.  However, plaintiffs argue that defendant does not need to go to a third party because this information is readily obtainable from plaintiffs and better sought through, for example, deposition or written discovery.  The Court agrees.  There is no need for plaintiffs' current employers to provide payroll-related records within plaintiffs' current employment records when "compensation information can be obtained through less intrusive means, like tax records."  *Abu v. Piramco Sea-Tac Inc.*, No. C08-1167RSL, 2009 WL 279036, at *2 (W.D. Wash. Feb. 5, 2009); *see also Lyzer v. Caruso Produce, Inc.*, No. 3:17-cv-01335-SB, 2018 WL 11489791, at *2 (D. Or. Oct. 4, 2018) (prohibiting the defendant from serving subpoenas to the plaintiff's former and subsequent employers for the purpose of obtaining compensation information because evidence of the plaintiff's compensation "is obtainable by alternative, less intrusive means."); *Arigbon v. Multnomah County*, No. CV. 09-311-PK, 2009 WL 3335064, at *3 (D. Or. Oct. 15, 2009) (granting motion for protective order regarding subpoenas to former employers for payroll records because "information concerning [the plaintiff's] compensation [] can be obtained from [the plaintiff] herself.").

Finally, defendant suggests that plaintiffs "appear to have something to hide," Def. Resp.,

6

ECF [58], at 4, and implies that because parties sometimes lie to their counsel or withhold evidence, defendant is entitled to discovery of plaintiffs' current employment records to test plaintiffs' credibility. However, defendant does not show that plaintiffs' credibility is an issue in this case, nor does it specify how plaintiffs have been purportedly untruthful. The Court will not accept these vague and speculative attacks on plaintiffs' credibility. To the extent that defendant seeks plaintiffs' current employment records to "illuminate the veracity and strength of [plaintiffs'] contentions," Def. Resp. 7 (citation omitted), credibility is not a sufficient justification for the proposed subpoenas without more specific allegations of untruthful behavior, *Estrada*, 2022 WL 4125644, at *2; *see also Lyzer*, 2018 WL 11489791, at *3 (finding discovery of personnel files from prior employment dating back more than a decade to attack the plaintiff's credibility was inappropriate "[w]ithout specific allegations of untruthful behavior"); *Lewin*, 2010 WL 4607402, at *1-2 (quashing as overbroad subpoenas for personnel records directed to the plaintiff's former employers and noting that "an attack on [the] plaintiff's credibility by introducing evidence of his character in another employment setting is likely inadmissible propensity evidence under [Federal Rule of Evidence] 404(a)"); *Hardin*, 2019 WL 1493354, at *5 (finding that discovery of previous employment records to impeach the plaintiff's credibility was not "a worthwhile use of discovery.").

Because plaintiffs' current employment records are not relevant and proportional to the needs of this case, the Court grants plaintiffs' motion for a protective order with respect to plaintiffs' current employers. Defendant may not serve subpoenas on plaintiffs' current employers for plaintiffs' current employment records.

**B.     Discovery from Potential Employers or Visa Sponsors**

However, it is unclear to the Court upon which "potential employers" or "potential visa sponsors" defendant may also seek to serve subpoenas, or what type of information defendant seeks to obtain from these entities. Based on the current record, the Court declines to bar defendant wholesale from this further investigation and discovery. *J.G. v. City of Colton*, No. ED CV 18-2386-RGK (SPx), 2019 WL 8013422, at *6 (C.D. Cal. Oct. 7, 2019); *Est. of Najera-Aguirre v. County of Riverside*, No. ED CV 18-762-DMG (SPx), 2019 WL 4452975, at *5 (C.D. Cal. June 13, 2019). Accordingly, the Court denies

plaintiffs' motion with respect to "potential employers" or "potential visa sponsors" but reminds defendant of the requirements of FRCP 26 governing non-party subpoenas.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Protective Order, ECF [54], is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 27th day of June, 2025.

Adrienne Nelson
United States District Judge